JAMES K. P. KEATON, plaintiff in error, *vs.* N. & A. F. TIFT, defendants in error.

1. Where the proprietor of a farm vests in an assignee, for value, the right to let a farm and collect the rent arising out of said farm, and such assignee does let the same to a tenant under him :
*Held*, that such an assignee may distrain for the rent.

2. Where part of property levied on is subject and part not subject under the facts, the judgment will be reversed and a new trial granted, unless the levy is dismissed in respect to that not subject.

Landlord and tenant.   Distress warrant.   Practice in the Supreme Court.   Before Judge HALL.   Dougherty Superior Court.   October Term, 1875.

Reported in the opinion.

STROZER & SMITH ; W. F. JONES, for plaintiff in error.

D. H. POPE, for defendants.

JACKSON, Judge.

The Messrs. Tift sued out a distress warrant against Billingslea, and levied it upon a crib of corn containing some one hundred and nineteen bushels and nine hundred bushels of cotton seed. Keaton claimed the property levied on. Keaton had rented the land to Billingslea for the year 1874 and preceding years. Subsequently Keaton and the Tifts, between whom there had .been some business transactions, settled their differences, and this land rented to Billingslea was turned over to the Tifts to control and collect the rent thereof for the year 1874, and to have an interest therein for 1875. The Tifts re-rented to Billingslea for 1874 at twelve bales of cotton for rent and the replacement of corn used by the tenant. When Keaton first rented to Billingslea, Billingslea was to return to him, Keaton, nine hundred bushels of cotton seed and three hundred bushels of corn which was on the place when he first rented in 1867. At the close of 1874 Keaton took. possession of the place. Billingslea turned over to him the nine hundred bushels of cotton seed delivered and a crib of three hundred bushels of corn. The one hundred and nineteen bushels of corn levied on was not so turned over to him, but was claimed also by him.

The jury found all subject, the one hundred and nineteen bushels of corn and the cotton seed.

A new trial was moved for on two grounds : First, because the Tifts were not landlords, and could not distrain ; and second, because Keaton had the superior right to the property, as it was returned to him as landlord pursuant to his first contract of rent.

1. We think the Tifts were, by the contract with Keaton and their subsequent renting the place with his assent, entitled to distrain. They became the landlords. It does

not lie in Keaton's mouth to deny it. He made them so by his contract for value with them. Billingslea does not dispute it. If he did, he, too, would be estopped, for he rented from them.

2. We think that the one hundred and nineteen bushels of corn was subject to the distress warrant. It had not been delivered to Keaton when levied on. This one hundred and nineteen bushels, as it was not delivered to Keaton, seems to have been left by Billingslea for the Tifts. At all events, it was subject to their claim. In regard to the cotton seed, we think otherwise. It was turned over to Keaton in compliance with Billingslea's contract with him for previous rent. The Tifts had got their twelve bales of cotton and their corn, and we think the right to the cotton seed was in Keaton. Therefore we reverse the judgment and grant a new trial, unless the plaintiff will dismiss his levy on the cotton seed; in which event we affirm the judgment.